STONE, J.
Smith was convicted of attempted first-degree murder with a firearm, attempted burglary of a dwelling with a firearm and with an assault and battery, and attempted robbery with a firearm. He appeals only the conviction of attempted burglary. The sole issue on appeal is alleged error in the trial court’s failure to enter a judgment of acquittal as to the burglary charge. We affirm.
The record reflects that Smith, his brother, and his friend went to the victim’s home, ostensibly to use a recording studio. It is undisputed that their entry was with the victim’s consent. We conclude that there is-sufficient evidence to state a prima facie case of entry by means of fraud, deceit, or pretense.
Smith emphasizes the evidence supporting a conclusion that the criminal intent was formed after entry. The perpetrators paid the victim cash to cover the expense of the electricity they would be using; they used the studio for the entire hour, and the victim even made a tape for them.
After an hour of recording, the victim returned to the studio and told them their recording time had expired. At that time, Smith struck the victim with a gun and instructed him to get on the floor. The three men immediately tried to restrain the victim; one took duct tape out of his overcoat pocket and started to tape the victim’s ankles. A struggle ensued and the victim got out of their grasp, at which time Smith shot him several times.
The facts supporting entry by pretext are that the perpetrators brought the guns and duct tape with them; these were concealed in the pockets of a heavy coat (on a hot day); they surrounded and attacked the victim in unison, immediately taking out the duct tape to tape his ankles, using the gun, all without conversation and in a house containing thousands of dollars worth of recording equipment.
We conclude, taking the evidence and inferences from the facts most favorably to the state, that there is sufficient evidence to support a prima facie case that the victim’s consent to their entry was obtained by pretext. We have considered Delgado v. State, 776 So.2d 233 (Fla.2000), relied on by Smith, but deem it inapposite.
FARMER and May, JJ., concur.